Parsons, C. J.
From the answer of Haskins, the facts are, that Nathaniel Windsor was owner of the schooner Thomas Jefferson; that he chartered her to Penniman, the defendant, and Elpalet Loring, jointly, to make two trips to the southern ports and back ; that on her return from Alexandria to Boston, the trustee had on board 873 bushels of corn, and 344 barrels of flour on freight, to be paid to Penniman and Loring, the hirers of the schooner, of which Loring sailed as master; that on the arrival of the vessel at Boston, and before any of her cargo was unladen, Windsor, [ * 92 ] * declaring that the hirers had broken their contract, took the vessel from them, turned out Loring, the master, and refused to deliver the cargo, unless the freight was paid to him, which he claimed for the wages of the vessel; that Windsor, accordingly, before the service of the writ, delivered Haskins his corn, and all his flour, except 40 barrels, which he retains until the freight of the whole is paid to him. The plaintiff insists that Haskins i> trustee for Penniman’s moiety of the freight.
If Haskins is indebted for the freight, it is either to Loring, the master, alone, in which case he cannot be Penniman’s trustee, or to Loring and Penniman jointly. In this last case, we know not whether Penniman is entitled, as against Loring, to any part of the freight. Loring was the master, subject to all the disbursements, and for them had a prior lien against Penniman for the freight. Loring ought to have been made a trustee, that he might have disclosed the transaction ; and if it had appeared that any of the freight was coming to Penniman, the plaintiff might, perhaps, have holden Has-kins as trustee for that part.
We, however, are not satisfied that Haskins is indebted to Penniman and Loring, or to either of them, for the freight. Although the master may retain the cargo, until the freight be paid or tendered. yet he must be ready to deliver the cargo on payment or *87 tender. But in this case, upon the arrival of the schooner, the charterers were dispossessed of her, the master turned out, and the cargo taken into the possession of Windsor. Part of the cargo Windsor has since delivered, and part he retains as security for the whole freight, which he claims on his own account. The master, therefore, never has delivered the freight, nor has he been ready, or had it in his power, to deliver it. And if Haskins were now to pay him the freight, he must afterwards sue Windsor, to recover his 40 barrels of flour, or the value. On this ground we are satisfied that the defendant’s trustee must be discharged.
The Solicitor-General for the plaintiff.
C. Paine for the trustee.