## Case No. 2,200.

### BURRILL v. PHILLIPS.

[1 Gall. 360.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1812.

FACTORS—SALE TO IRRESPONSIBLE PARTIES—POWERS AND LIABILITIES—ADVANCES TO PRINCIPAL—SEPARATION OF JURY.

1. A factor is not only bound to good faith, but to reasonable diligence. If therefore, notwithstanding an authority to sell on credit, he

[2] [From 2 Hask. 228.]
[1] [Reported by John Gallison, Esq.]

sell to one who is insolvent or doubtful, and the fact upon reasonable diligence might have been known, he is answerable for the loss. In such case the sale will, in law, be deemed a sale on account of the factor.

[See Kingston v. Wilson, Case No. 7,823; Willinks v. Hollingsworth, 6 Wheat. (19 U. S.) 240; Bradley v. Richardson, Case No. 1,780: Fordyce v. Peper, 16 Fed. 516; Kufeke v. Kehlor, 19 Fed. 198.]

2. The mere relation of principal and factor does not confine the rights of the latter to recover for advances to the mere fund deposited with him. Such advances are made on the joint credit of the fund and the person.

3. If, before a verdict be agreed on, one of the jury separate from his fellows by mistake, and afterwards rejoin them, and the verdict is then found, it is in the discretion of the court to allow the verdict to stand.

[See note at end of case.]

At law. The plaintiff [Ebenezer Burrill] was a commission merchant in the city of New York, with whom the defendant [James Phillips] deposited certain cotton for sale. The cotton was sold to Murray & Wheaton on a credit of four months, according to the custom of factors at New York to sell on credit. A note was taken for the amount, and before it became due, Murray and Wheaton failed. The present action was brought to recover the amount of certain advances made by the plaintiff to the defendant on account of the cotton.

At the trial, the defence was confined principally to two points. 1. That the plaintiff had sold to Murray & Wheaton, at a time when their general credit was doubtful, or at least that the plaintiff had knowledge of facts, from which it must have been inferred, and had thereby made the debt his own. 2. That the advances were made exclusively on the credit of the cotton, and were understood by the parties not to include a personal liability of the defendant in case of a failure of the fund.

Burrill and Goddard, for plaintiff.
Robbins and Dexter, for defendant.

STORY, Circuit Justice. As to the law applicable to the facts before the jury, I take it to be well settled, that a factor, in making sales of goods on consignment, is bound not only to good faith, but to reasonable diligence. It is not sufficient, that he has been guilty of no fraud, or of no gross negligence, which would carry with it the insignia of fraud. He is required to act with reasonable care and prudence in his employment, and exercise his judgment after proper inquiries and precautions. If he shut his eyes against the light, or sell to a person, without inquiry, when ordinary diligence would have enabled him to learn the discredit or insolvency of the party, I cannot admit that he is discharged from responsibility to his principal. See Leverick v. Meigs, 1 Cow. 645; Story, Ag. §§ 342, 343, where the authorities are collected and commented on. So also he shall not be permitted to sell his own

goods to the party, and take security, and at the same time to sell the goods of his principal to the same party without security. For he is bound to exercise at least as much diligence and care, as to his factorage, as his own private concerns. And in the supposed case, it may well afford ground of presumption, that the factor had knowledge of some latent defect of credit, although in the commercial world in general the purchaser stood with a fair character. I do not however think, that the same presumption would ordinarily arise from the mere fact of the factor's taking security for advances made to the purchaser in money, or even receiving a premium for such advances. He may well refuse to lend his own money without security or a premium, upon grounds altogether distinct from a doubt of the solvency of the party. And in the present case it is shown not to be an uncommon course in trade.

In order to affect the factor with the imputation of negligence, it is not necessary that he should absolutely know, that the party was discredited. It is sufficient if he have notice of facts, which ought to put a person of ordinary prudence on his guard. For, as in equity causes, the factor will be held affected with notice, if the facts be such as ought to have put him upon further inquiry. A sale, therefore, if made under circumstances of real or constructive notice, will be considered as made at the risk and on the account of the factor, and the principal may well, in a suit like the present, avail himself of the claim.

As to the point, that the advances were made exclusively on the credit of the fund without recourse to the principal, it is a mere question of evidence. There may be an agreement between the parties, which shall have this effect; and it cannot be doubted, that such an agreement would, in point of law, be valid. It amounts to no more than the common case of selling with a del credere commission. But such an agreement is not legally to be inferred from the mere relation of principal and factor. Advances between them are considered by the general law, as made on the joint credit of the fund and the party; and the factor may relinquish his lien on the fund without at all affecting his personal remedy. See Story, Ag. (2d Ed.) § 376, and cases in note 1. When therefore a party sets up such an agreement, as it is in derogation of the general law, he is bound to make out in proof the agreement, and no presumptions of law arise in his favor.

On the whole, if the jury are of opinion that the facts of the case prove such an agreement to consider the cotton as the exclusive fund of payment; or if they believe that the plaintiff had knowledge of facts, which ought to have put him on inquiry, or which afford a fair presumption of impending insolvency, then the verdict ought to be

for the defendant; otherwise for the plaintiff.

The jury found a verdict for the plaintiff.

Immediately after the delivery of the charge, the court adjourned, it being late in the evening. One of the jury, through mere simplicity and mistake of his duty, left his fellows, and went immediately to his own home, at the distance of about two miles. The others of the jury remained together, and as soon as the mistake was discovered, the absent juror was sent for, and returned back in about two hours. The jury then without difficulty agreed on their verdict.

On the morrow, the jury brought their verdict into court, and before it was affirmed the facts were stated, and the juror, on his examination under oath, declared that what he had done was by mere mistake; that he had not seen or spoken with any person on the subject before the jury during his absence; that he went immediately to his own family; and as soon as he was apprised by an officer of his error, he returned to his duty, and he begged the forgiveness of the court. The court ordered the verdict to be received and affirmed, subject to all exceptions.

And now Robbins for the defendant moved to set aside the verdict and for a new trial, on the ground that the verdict was irregular, and that the absence of the juror, which he admitted to have been from ignorance, was so long, as to afford unfavorable inferences. He said, however, he had no reason to suspect management in this case, but he thought it necessary to preserve the purity of public justice, that the jury, if exposed to temptation, should not have their verdict affirmed.

Goddard and Burrill, for plaintiff.—The mere absence of the juror is not sufficient to set aside the verdict, if there be no presumption of fraud or management of the party, in whose favor the verdict is. The distinction is, that if the jury misbehave themselves they may be fined, but their verdict is not of course to be set aside. But if the misbehaviour be caused or aided by the party, in whose favor the verdict is given, then it may be good cause for a new trial. The cases in the books proceed on this distinction. 5 Com. Dig. "Pleader," §§ 45, 46; Bac. Abr. "Verdict," H; 2 Salk. 645; Trials per Pais, c. 13, p. 264; 1 Dyer, 55, pl. 8; 2 Dyer, 218, pl. 4; 1 Sid. 235. Barnes, Notes Cas. 225, 441, is directly in point.

STORY, Circuit Justice. It is admitted on all sides, that the conduct of the juror, in the present case, was through mere simplicity and ignorance. At first I was struck with the inconvenience of allowing a verdict after a separation of the jurors; and when opportunity had been given to tamper with them. And, without doubt, as this is an

application to the discretion of the court, the verdict ought to be set aside, unless the conduct of the juror be free from unfavorable presumption. I am perfectly satisfied with the verdict in this case: indeed, I do not see how it could have been otherwise, upon the evidence before the jury; and I should feel great reluctance in setting aside a verdict so well founded in law and justice. I am glad to be relieved from all doubt by authority. The case of St. John v. Abbot, Barnes, Notes Cas. 441, is directly in point; and the distinction assumed by the plaintiff's counsel, seems in general well supported. I overrule the motion to set aside the verdict. Let judgment be entered for the plaintiff.

Judgment on the verdict.

[NOTE. If a jury separate after submission of the case and before verdict. the verdict should be set aside. Howard v. Cobb, Case No. 6,755. Setting aside the verdict for irregularity of the jury is discretionary with the trial court. U. S. v. Gillies, Id. 15,206. It is sufficient if the impartiality of the proceedings might have been affected. Johnson v. Root. Id. 7,409; Pool v. C., B. & Q. R. Co., 6 Fed. 844. Misbehavior in taking refreshments is not an irregularity, unless the refreshments were furnished by the party in whose favor the verdict was given. Harrison v. Rowan, Case No. 6,142. Neither is indulgence in liquor by consent of counsel, unless the indulgence was grossly abused, and operated injuriously to the objecting party. U. S. v. Gibert, Id. 15,204. Talking about the case in violation of a direction forbidding the same is punishable. In re May, 1 Fed. 737.]