LOWBER (BANGS v.). See Case No. 840.

---

## Case No. 8,563.

### LOWBER v. SHAW.

[5 Mason, 241.][1]

Circuit Court, D. New Hampshire. May Term, 1829.

WITNESS—AGENT TO PROVE HIS AUTHORITY—BILL DRAWN UNDER INSTRUCTIONS OF PRINCIPAL.

Where certain merchants had entered into a written contract to subscribe certain sums for a voyage to Africa, &c. and authorized their agent to draw bills for the amount, if he fitted out the expedition, and he drew a bill on one of the subscribers, for the amount subscribed by him, to pay for goods bought for the voyage on the credit of the written authority above stated,

[1] [Reported by William P. Mason, Esq.]

which was shown to the payee of the bill; it was *held*, that the agent, though drawer, was a competent witness to prove the facts in a suit brought by the payee against the subscriber, upon a constructive acceptance of the bill, it having been dishonoured, when presented for acceptance.

[Cited in Newhall v. Dunlap, 14 Me. 181, 182; Downer v. Button, 26 N. H. 345. Cited in brief in 42 Me. 463.]

Assumpsit by the plaintiff [Edward Lowber], as payee of a bill of exchange drawn at Philadelphia, by one Edmund Roberts, on the defendant, at Portsmouth, New Hampshire. The bill was dated 12th of May, 1827, for $500 payable to the plaintiff or order, at four months, for value received "being the amount of one share and interest in the cargo of the brig Mary Ann." The declaration contained three counts: 1. On the bill as an accepted bill. 2. For money had and received. 3. For money laid out and expended. Plea, the general issue. At the trial it appeared in evidence, that the defendant, with sundry other merchants at Portsmouth, on the 1st of December, 1826, signed the following paper: "The undersigned, having subscribed the several sums set against our respective names for a contemplated voyage to the eastern coast of Africa and elsewhere, do hereby authorize Mr. Edmund Roberts, of Portsmouth, New Hampshire, our agent and supercargo, to draw on us for the amount subscribed, in case he should complete his arrangements, and fit out the said expedition." The defendant signed, "William Shaw, $500." The bill, when presented to the defendant, on the 29th of May, 1827, was refused acceptance; but the plaintiff contended, that the paper was a constructive acceptance in point of law. The paper being read in evidence, Roberts was offered as a witness to prove, that he fitted out the expedition in the Mary Ann, and drew the bill, and that it was given for powder furnished for the voyage by the plaintiff, upon the faith of the authority of the paper, which was shown to him to procure the credit. The witness was objected to as incompetent from interest, by Cutts and Bartlett for defendant, and the objection was resisted by Mason for plaintiff.

An effort was made to prove a release by the plaintiff to the witness; but it failed from want of proof of the signature of the plaintiff, or of the subscribing witness to the release, which was produced in court.

The defendant's counsel cited 7 Term R. 265.

STORY, Circuit Justice. My opinion is, that the witness is competent without a release. It is the common case of an agent called upon to prove his authority and agency; and that has always been deemed an excepted case. The witness has an equal interest either way. If he drew the bill without authority, and it is recovered from the defendant, then he is responsible over to the latter. If, on the other hand, no such re-

covery is had, he is liable to the plaintiff. The witness must therefore be admitted.

He proved the facts above stated. In the farther progress of the cause, the defence turned upon the ground, that the witness had deviated from his authority in the shipments for the voyage, and that the facts were known to the plaintiff. It was admitted, that upon the authorities there was a constructive acceptance of the bill, if taken as the plaintiff contended, and there was no excess of authority in drawing the bill known at the time to the plaintiff. The jury found a verdict for the plaintiff.