ALBERT NEWHALL et al. vs. JOHN DUNLAP et al.

If one draw a bill in his own name, without stating that he acts as agent, unless when acting for the government, he is personally liable; although he directs it to be paid out of a particular fund, and although the person in whose favor it is drawn, knows the drawer was but an agent.

Where an agent draws a bill on his principal in such manner as to make himself liable, yet as between them, he may show that it was drawn for the benefit of his principal.

Although it may be otherwise in *England*, in this country the master of a vessel has a lien on the cargo for money expended, or debts necessarily incurred, in that character.

The power usually incident to the office of master of a vessel, does not authorize him to purchase a cargo.

But if his instructions constitute him an agent for that purpose, and he draw a bill making himself personally liable, and invest the proceeds in the purchase of a cargo, he has a lien thereon for his indemnity.

The death of the principal does not deprive the agent of his lien.

And if the bill be drawn at a shorter date, than his instructions permit, the principal may disclaim the transaction; but if he claim the property, he cannot deny the agency.

Where an agent has a lien on property for his security, the general owner cannot maintain replevin against him for it, until the lien be discharged.

THE action was replevin for 125 hogsheads of molasses, imported in the brig *Hope*, owned by the late *Samuel Winter*, on whose estate the plaintiffs are administrators, and of which brig one *Simon Goodrich*, under whom the defendants claim, was master. *Goodrich* drew a bill of exchange on *Winter* in favor of one *Jesse Snow*, signing the bill in his own name, but directing the amount to be charged to the cargo of the *Hope*, and the money obtained of *Snow* on the bill, was invested in the molasses replevied in this suit. The facts in the case appear sufficiently in the opinion of the Court. The verdict ·was for the defendants, and was to be set aside, or amended, according to the opinion of the Court.

*Daveis* and *Adams*, argued for the plaintiffs, and contended, that *Goodrich* was not personally liable on the bill. If this be established, then no right, or pretence, exists to detain the property. *Goodrich* drew the bill, as the agent of *Winter*, and *Snow* must have known the fact. They cited *Bayley on Bills, P. & S. edit.* 72 to 75; *Mann v. Chandler*, 9 *Mass. R.* 335; 2 *Conn. R.* 435;

2 *Strange*, 955; *Chitty on Bills*, 40; *Van Riemsdyk v. Kane*, 1 *Gallison*, 639; *Wallis* v. *Agry*, 4 *Mason*, 336; 4 *T. R.* 177; *Schimmelpennich* v. *Bayard*, 1 *Peters*, 264; 1 *Gall.* 342; 1 *Serg. & R.* 32; *Rathbone* v. *Budlong*, 15 *Johns. R.* 1; *Judkins v. Lancey*, 8 *Greenl.* 442; 5 *Maule & S.* 349; 11 *Mass. R.* 54; *Mott* v. *Hicks*, 1 *Cowen*, 513.

But if *Goodrich* was liable on the bill, he had no lien on the cargo in consequence thereof. *Hussey* v. *Christie*, 9 *East*, 433; *Whitaker on Liens*, 10, 44, 45, 46; *Montagu on L.* 70; *Bushforth* v. *Hadfield*, 7 *East*, 224; 16 *Vesey*, 279; *Jarvis v. Rogers*, 15 *Mass. R.* 395; *Ladd* v. *Billings*, *ibid*, 15; 2 *Caines*, 81; *Abbott on Shipping*, 111, 115, 248; 1 *B. & Ald.* 575. *Goodrich* drew the bill for a shorter date than was limited by his instructions, and for that cause had no lien on the cargo. 8 *Greenl.* 444, before cited.

*Deblois*, for the defendants.

*Goodrich* is liable on the bill, as drawer. *Bayley on B.* ed. of *P. & S.* 63; 5 *Taunt.* 749; 11 *Mass. R.* 54; 7 *Taunt.* 59; *Chitty on B.* 27, 28; 11 *Mass. R.* 27; 1 *Yeates*, 39; 4 *Mason*, 343; 7 *T. R.* 481; 2 *Caines*, 77; 8 *Greenl.* 298; 2 *Greenl.* 204; 5 *Mason*, 241; 5 *Maule & S.* 345; 9 *Pick.* 547.

*Goodrich*, as master, has a lien on the whole cargo to indemnify him for his liabilities. 3 *Mason*, 264; 4 *Mass. R.* 91; 11 *Mass. R.* 72; 2 *Caines*, 77; *Am. Jurist No.* 5, 26; 4 *Esp. R.* 22; 1 *Peters' Adm. Dec.* 277; 3 *Kent's Com.* 165; *Abb. on Sh.* 3d ed. 133; 7 *Cowen*, 670; 3 *Cranch*, 140. *Goodrich* claimed the property when first shipped, and it never was delivered, and never vested in *Winter*, or in his administrators. 12 *Mass. R.* 180; *Livermore on Ag.* 174, 193; *Paley on Ag.* 109; 3 *B. & P.* 489; 6 *T. R.* 262; 2 *East*, 227; 1 *Cowper*, 251; 6 *Greenl.* 50; 2 *Burr.* 937. His employment as master, makes him agent, and gives him a lien. *Abb. on Ship.* 113; 3 *Kent's Com.* 161; *Cowper*, 636; 8 *T. R.* 531; 15 *Mass. R.* 370; 4 *B. & Ald.* 352.

At a subsequent term, the opinion of the Court was drawn up and delivered by

SHEPLEY J. — The claim of the defendant, *Goodrich*, to detain the property replevied must depend upon the character in which he

acted, the responsibilities incurred, and the rights arising out of them. He was master of the vessel of the intestate, with a letter of instructions, giving him authority to draw a bill of exchange, and to make purchases for his principal. If he has not incurred any personal responsibility, he cannot detain the property. The bill was drawn by *Goodrich* without any statement or exhibition of agency, unless it may be inferred from the request to charge it to the account of the *Hope's* cargo. Such request affords no distinct indication of an agency. It only indicates the fund to which it was to be charged, not the character in which the drawer signed. The general rule, as stated by *Chitty,* is, if a person draw in his own name, without stating that he acts as agent, he will be personally liable, unless in the case of an agent contracting in behalf of government. *Chitty on Bills,* 40. It is said, in *Bayley on Bills,* 68, that an agent should take care, if he mean to exempt himself from personal responsibility, to use clear and explicit words to shew that intention. And he clearly does not consider a request to charge to a particular account, as affording any evidence of an agency ; for he says, "if an agent for A draw upon B in favor of C though he direct B to place the amount to the account of A's debit, he will be personally liable to C if the bill be not paid, unless he use proper words to prevent such liability."

*Lord Ellenborough* says, not only that such is the general rule, but that "unless he says plainly, "I am the mere scribe," he becomes liable." And he does not consider the knowledge of the party taking the bill as making a difference. He says, "though the plaintiff knew the defendant to be agent of the *Durham* Bank, he might not know but that he meant to offer his own responsibility." 5 *M. & Sel.* 345, *Leadbitter* v. *Farrow.* It is a well settled rule; *Paley on Agency,* 298 ; 5 *Taunt.* 749 ; 7 *Taunt.* 159 ; 5 *Mason,* 241 ; 11 *Mass. R.* 27 and 54 ; 2 *Greenl.* 204. And *Goodrich* must be regarded as liable upon the bill.

It must have been drawn in the character of master, or as agent or factor ; and this may be shown as between him and his principal, although he may be personally responsible to third persons.

In *England* the master of a vessel has no lien on the ship, freight, or cargo for money expended or debts necessarily incurred. 9

*East*, 426, *Hasey* v. *Christie;* 1 *Barn. & Adol.* 575, *Smith* v. *Plummer.*

In *Massachusetts*, the master is allowed to have a lien in such cases. 4 *Mass. R.* 91; 11 *Mass. R.* 72. So is he in *New York.* 7 *Cowen*, 670, *Ingersoll* v. *Van Bokkelin.* *Kent* observes, that the American cases have taken the most reasonable side of the question. 3 *Com.* 167, *note b.* The transaction now under consideration cannot, however be regarded as falling within the scope of his authority, as master. In the ordinary state of things, says *Lord Stowell*, he is a stranger to the cargo beyond the purposes of safe custody and conveyance; yet in cases of instant, and unforeseen, and unprovided necessity, the character of agent and supercargo is forced upon him. 3 *Rob. Ad.* 240, the *Gratitudine.* The case of *Watt* v. *Potter*, 2 *Mason*, 77, is to the same effect. The power of purchasing and selling has been regarded by this Court as not coming within the power usually incident to the office of master. 8 *Greenl.* 298. The cases of *Kemp* v. *Clough*, 11 *Johns. R.* 107, and *Emery* v. *Hersey*, 4 *Greenl.* 407, are not regarded as at variance with the other cases, as in them a customary course of business was proved, extending the powers and duties of the master beyond their ordinary limits, and the cases were decided upon that ground. It was no doubt competent to the owner in this case to enlarge the powers of the person employed as master, and to clothe him with authority to draw bills and to purchase a cargo. But such authority is not derived from his office of master, but from the letter of instructions, constituting him his agent for those purposes. And in the character of agent he must be regarded as acting in drawing the bill and making the purchases. It becomes material then to inquire, what rights he acquired by law over the property purchased by him, as agent, with the proceeds of the bill upon which he is personally liable.

It is stated in *Paley on Agency*, 109, that the general lien of a factor, first received the sanction of legal authority, in the case of *Kruger* v. *Wilcox*, *Amb.* 252, and that it has never been controverted since. And such is the settled law, as well in this country as in *England.* 1 *Burr.* 494, *Godin* v. *London Assur. Com.*; 1 *Cowp.* 251, *Drinkwater* v. *Goodwin;* 3 *B. & P.* 489, *Houghton & al.* v. *Mathews & al.*; 1 *Gall.* 360, *Burrill* v. *Phillips;* 12

*Mass. R.* 180, *Stevens* v. *Robbins.* The cases of *Drinkwater* v. *Goodwin* and *Stevens* v. *Robbins,* show, that one who is liable to pay, has the same lien as if he had paid. Nor does the death of the principal deprive the agent of his lien. 2 *East,* 227, *Hammonds* v. *Barclay.* But it is said, the agent did not follow his instructions in drawing the bill, and that he cannot create a lien by his own wrong. The agent having departed from the strict letter of his instructions in making the bill payable at a shorter date, than authorized, it might have been in the power of the plaintiffs to have disclaimed the whole transaction. But they cannot claim the property and yet deny the agency of *Goodrich* in the purchase of it. They have claimed the property purchased by the proceeds of the bill, and it is now too late to deny the agency.

*Goodrich* being entitled to a general lien upon the goods in his possession, to secure him for his liabilities, the plaintiffs cannot maintain replevin, until that lien is discharged. The facts upon which this decision is made, are proved by testimony not liable to objection ; and it has not been considered necessary to decide the other points made at the argument.

There must be judgment on the verdict, and for a return of the goods ; but the defendant cannot claim to hold them for more than the payment of the claim of *Goodrich,* arising out of his liability on the bill, and for all necessary subsequent expenses upon them. It will be useless to claim damages on the replevin bond, if the goods are themselves sufficient to satisfy these claims, as the defendants will hold in trust for the plaintiffs whatever comes to their hands more than sufficient for these purposes.