### EARBEE *VS.* WOLFE & CLARKS.

1. Where the payee of a promissory note 'makes an endorsement *in full*, purporting to transfer the interest therein to a third person, and afterwards comes to the possession of the note, it is competent for him to maintain an action thereon, without producing extrinsic proof of ownership.

Error to the Circuit court of Sumter.

Assumpsit, tried before *Chapman*, J.

It appears from the record in this case, that the defendants in error, who were plaintiffs below, filed with their "declaration, and sealed thereto a promissory note, of which the following is a copy, to wit:

"$2425 25-100.         *New York*, 21 *September*, 1836.

"Fifteen months after date, we, the subscribers, of Livingston, Sumter co. State of Alabama, promise to pay to the order of Wolfe and Clarks, (at the branch of the State Bank of Ala. at Mobile,) twenty-four hundred and twenty-five 25-100 dollars, for value received, without defalcation or discount.

"Due 24 Dec'r, '37.         · EARBEE & WEAVER."

Upon which said note, were the following endorsements, to wit:

"*Wolfe & Clarks*,

"*Charles Labuzan, Ag't.*"

Earbee *vs.* Wolfe & Clarks.

On this part of the transcript, the plaintiff assigns for error, "that the court erred in rendering judgment for the plaintiffs in the court below, as the endorsements on the note copied in the record, shows a transfer to others who should have been parties plaintiff."

*Porter*, for plaintiff in error.

COLLIER, C. J.—This assignment does not arise out of what is properly a part of the record. The note, with its endorsements, does not appear to have been made such by the pleadings, or any proceeding had in the Cir cuit court. It cannot, then, be regarded in any other light, than as evidence filed by the defendants in error, to show their cause of action.

But if we were authorised to consider the note and endorsement as of record in the case, the objection of a want of title in the defendants, would not avail the plaintiff. In Pitts vs. Keyser & Keyser, (1 Stew. Rep. 154,) it was decided, that where the payees of a promissory note, made an endorsement *in full*, purporting to transfer the interest therein to a third person, and afterwards came to the possession of the note, it was competent for them to maintain an action thereon, without producing any extrinsic proof of ownership—(To the same effect, see Dugan et al. vs. The United States, 3 Wheat. R. 172.)

These authorities would be conclusive against the plaintiff, if the assignment was sustained by the record. The other grounds on which a reversal is sought, were held to be unavailing in Earbee vs. Ware, at this term.

The judgment is consequently affirmed.