# Beeson v. Lippman & Brother.

*Action on Bill of Exchange.*

1. *Bill of exchange, payee of; what does not show legal title out of.* — The mere indorsement of the payees' names in blank remaining on a bill of exchange, when introduced as evidence in a suit on the bill, does not show that the legal title was not in them.

2. *Same; action against acceptor; what not irrelevant evidence.* — In an action by the payees against the acceptor of a bill of exchange — no plea of *non est factum* being interposed — evidence that the acceptor acknowledged that he signed his name as acceptor, although unnecessary, is not irrelevant.

APPEAL from City Court of Eufaula.

Tried before Hon. E. M. KEILS.

Jacob Lippman & Bro. brought suit, on the 23d day of October, 1873, against Beeson to recover the amount of a bill of exchange drawn by them on him, and accepted by him on the 18th of April, 1873, payable to their order ninety days after date. On issue joined on plea of payment and the general issue there was a verdict for plaintiffs.

On the trial, plaintiffs offered to read the bill as evidence to the jury; but it appearing that it was indorsed in blank by having the name of plaintiffs written across the back, the defendant objected on the ground that the indorsement showed that plaintiffs did not have the legal title. This objection was overruled and an exception thereto duly taken. The bill of exceptions further recites that a witness, S. H. Dent, was permitted, against the objection and exception of defendant, to testify " that defendant acknowledged that he signed or wrote his name across said bill of exchange by way of acceptance."

The admission of the bill of exchange, and the admission of Dent's testimony, are now assigned for error.

A. H. MERRILL, for appellant.

S. H. DENT, *contra.*

MANNING, J. — The counsel for defendant below was mistaken in supposing that the mere indorsement by a payee of his name upon a bill of exchange, remaining in blank on it when introduced in evidence on an action upon the bill, proves, of itself, that the legal title was not in the payee.

This action was commenced after the passage of the act of April 18th, 1873, requiring suits on bills of exchange or promissory notes to be brought in the name of the persons having the legal title.

Even if the indorsement had been a full one to some third person, it would be presumed when the bill was found after-

[Elmore County *v.* Long.]

wards in the possession of the payee who had indorsed it, that it had been returned to him and become his property again. Much more will he be considered as having the legal title when the indorsement is made, as in this case, in blank. *Pitts* v. *Keyser*, 1 Stew. 154 ; ,9 Porter, 366 ; *Evans* v. *Gordon*, 8 Porter, 142.

There is nothing in the exception to Dent's testimony; although unnecessary it was not irrelevant.

The judgment is affirmed.