## THE TEXAS LAND AND CATTLE Co. v. CARROLL & ILER.

(Case No. 1928.)

1. NEGOTIABLE INSTRUMENT — LIABILITY OF AGENT.— An agent who executes a contract in the name of his principal, and in reference to a negotiable instrument, cannot be held liable thereon unless his name appears as a party to the paper in some relation; nor is he a necessary party to a suit based on such instrument. The reason of this rule is that negotiable paper, being capable of transference, should show on its face the liability of every person who is bound for its payment, it being upon this that its successive holders contract. (Citing Daniel on Neg. Inst., 303.)

2. NON-NEGOTIABLE PAPER — LIABILITY OF AGENT.— When the paper is deemed by the law merchant non-negotiable, it is competent to show that, although signed in the name of the agent only, the non-negotiable written contract was executed in the business of the principal, and that he alone should be bound. (Citing Daniel on Neg. Inst., 305; Brown v. Parker, 7 Allen (Mass.), 339; Slawson v. Loring, 5 Allen (Mass.), 342; Railroad v. Benedict, 5 Gray (Mass.), 561, and other cases.)

3. NON-NEGOTIABLE BILL OF EXCHANGE — CURRENT FUNDS — PLEADINGS.— The following note was the basis of suit:

"$1805.06.                          CORPUS CHRISTI, TEXAS, June 8, 1883.

"*The Texas Land and Cattle Company, Limited:*

"Pay to the order of Carroll & Iler, eighteen hundred and five 06–100 dollars in current funds. On account of building and repairs. Payment in full.

"Charge $1805.06 to Ranche.

"To *Underwood, Clark & Co.*,        }        THOS. BEYNON,
"15 West Mo. Ave., Kansas City, Mo. }        Superintendent."
"No. 15086."

*Held:*

(1) The term "current funds" destroys the negotiability of the paper. (Citing Lindsay v. McClellan, 18 Wis., 508; Haddock v. Woods, 46 Iowa, 435; Daniel on Neg. Inst., 56; 9 Ind., 138.)

(2) The instrument being given in full of an account for building and repairs for the company, performed by the drawees, and it being the mode adopted for payment of similar liabilities, created an obligation binding on the company.

(3) If the instrument, when sued on, had been indorsed to other parties for a valuable consideration, and there was no averment in the petition that the payees were at the time of instituting suit the legal owners of the same, an exception setting this fact up would be well taken. R. S., arts. 268, 269.

4. BILL OF EXCHANGE — PRACTICE IN DISTRICT COURT — INDORSEMENT — AUTHORITIES CITED. — The payees have the right to strike out their indorsement on non-negotiable paper, or even on a negotiable note, when the paper is found in their hands, the presumption being that its transfer had not been completed by delivery; that it had been returned by the indorsees to them; or that it had been transferred only for collection. (Citing Dugan v. United States, 3 Wheat., 172; Beeson v. Lippman, 54 Ala., 276; Best v. Bank, 76 Ill., 609; Daniel on Negotiable Inst., 1198.)

5. SAME — FAILURE OF CONSIDERATION. — A plea alleging that, by contract, the plaintiffs had agreed to furnish defendant with a bill of particulars containing the items of work performed by them and charges thereon, that plaintiffs had wholly failed and refused to do so, and that the consideration of the bill of exchange had wholly failed, was not a good plea of failure of consideration.

APPEAL from Nueces. Tried below before the Hon. J. C. Russell.

This suit was instituted by Carroll & Iler, the appellees, on the following bill of exchange:

"$1,805.06.        CORPUS CHRISTI, TEXAS, June 8, 1883.

"*The Texas Land and Cattle Company, Limited:*

"Pay to the order of Carroll & Iler, eighteen hundred and five 06-100 dollars in current funds. On account of building and repairs. Payment in full.

"Charge $1,805.06 to Ranche.

"*To Underwood, Clark & Co.,*        } THOS. BEYNON,
"15 West Mo. Ave., Kansas City, Mo. }    Superintendent."

"No. 15086."

Appellees failed to allege ownership or holding, either legal or equitable; but alleged non-payment and protest, and prayed judgment for amount of same, interest, protest fees and establishment and foreclosure of builders' and repairers' lien.

Appellant answered with general and special demurrers, sworn plea of *non est factum*, and sworn plea of failure of consideration, and prayed for appointment of an auditor to adjust the accounts between said appellees and appellant.

Appellees, with leave of court, filed a first supplemental petition, wherein they joined issue with appellant on its general demurrer and special exceptions, and they filed exceptions to appellant's pleas of *non est factum* and failure of consideration, averring that the latter plea "does not show with clearness and certainty wherein the consideration failed." They again failed to allege either legal or equitable holding or ownership.

VOL. LXIII — 4

The court sustained so much of the demurrers of the appellant to the original petition of appellees as related to the establishment and foreclosure of a builder's and repairer's lien, but overruled appellant's general demurrer otherwise, and special exception as to non-joinder of parties.

The exception to the plea of failure of consideration was sustained. Appellees on the trial offered in evidence the alleged bill of exchange, which on the reverse was indorsed, "Pay to the order of Doddridge & Davis. (Signed) Carroll & Iler." Appellant objected to a pen erasure of this indorsement, after an announcement of ready for trial.

Judgment was rendered for appellees in the amount of the bill of exchange, interest and protest fees.

*Welch & Givens,* for appellant, cited, on non-joinder of parties: Denison *v.* League, 16 Tex., 409; Allison *v.* Schilling, 27 Tex., 454; Bennett *v.* Spillars, 7 Tex., 601; Story's Equity, § 159; Story on Agency, §§ 148, 150, 155, 159; Wharton on Agency, §§ 280, 290, 504.

On plea of failure of consideration, they cited: Arts. 272, 1265, R. S. Texas; Trevino *v.* Hein, 3 Tex. L. Rev., p. 82; Mercer *v.* Hall, 2 Tex., 285, 288; Clopton *v.* Pridgen, 8 Tex., 311; Brantley *v.* Thomas, 22 Tex., 275.

On insufficiency of petition: Anderson *v.* Shaw, 3 Tex. L. Rev., p. 171; Wheeler & Dabney *v.* Roberts, 3 Tex. L. Rev., p. 183; Colbertson *v.* Beeson, 30 Tex., 76; Gilder *v.* McIntyre, 29 Tex., 91; Hanks *v.* Enloe, 33 Tex., 627; Burton *v.* Anderson, 1 Tex., 97; Whitaker *v.* Record, 25 Tex. Sup., 382; Sayles' Pleading and Practice, and authorities cited, § 17.

*McCampbell & Givens,* for appellees, cited: R. S., art. 1037; Dist. Court Rules, 23, 24, 25, 26; Railroad Co. *v.* Montier, 61 Tex., 172; Hardin *v.* Abbey, 57 Tex., 582; Barnard *v.* Tarleton, 57 Tex., 402; Carter *v.* Roland, 53 Tex., 540; Flannagan *v.* Womack, 54 Tex., 45; Atchison *v.* Hutchison, 51 Tex., 232; Randall *v.* Carlisle, 59 Tex., 69; Robinson *v.* Brinson, 20 Tex., 438; Stillman *v.* Canales, 39 Tex., 406.

Stayton, Associate Justice.— This action was brought by the appellees upon the following instrument of writing:

"$1,805.06.            Corpus Christi, Texas, June 8, 1883.

" *The Texas Land and Cattle Company, Limited:*

"Pay to the order of Carroll & Iler, eighteen hundred and five

and 06–100 dollars in current funds.    On account of building and repairs.    Payment in full.

"Charge $1,805.06 to Ranche.

"*To Underwood, Clark & Co.,*    }    Thos. Beynon,
"15 West Mo. Ave., Kansas City, Mo.    }    Superintendent."
"No. 15086."

Appellees nowhere alleged ownership or holding, either legal or equitable, but alleged non-payment and protest, and prayed judgment for amount of same, interest and protest fees.

It clearly appears, from the petition and from the evidence, that the appellant is a foreign corporation owning ranches and stock situated in Nueces county, Texas, and that Thomas Beynon is the general manager and agent of the corporation; and by it empowered to draw such instruments as the one sued on for the purpose of meeting such debts and expenses as may be incurred in the management of the property of the corporation.    This seems to have been the manner in which the corporation intended and provided he should receive funds or pay debts, arrangements having been made with Underwood, Clark & Co. to cash such paper, even the form of which was furnished to Beynon to enable him to accomplish this purpose.

The instrument sued on was executed to Carroll & Iler in settlement of a balance due them for labor performed by them on the property of the corporation, they having performed a great deal of labor for it, which was settled for in the same way at different times.

All these facts were known to the parties at the time the instrument was executed; no credit was given to Beynon, and as between the parties to this action, it was not necessary to make Beynon a party, for all parties knew that it was not the intention of Beynon to incur any personal obligation, and contracted with reference to that knowledge, and with reference to the known fact that this was the method adopted by the appellant for the settlement of its own debts.

The general rule is that an agent should execute a contract in the name of his principal, and in reference to negotiable instruments it is well settled that no one can be charged thereon unless his name appears as a party to the paper in some relation.    Daniels on Neg. Inst., 303.

This rule, however, in reference to negotiable paper, arises from the nature of such paper and the uses for which it is intended.

Such paper is expected and intended, if it be necessary or conven-

ient for the holder to do so, to be transferred and to pass into the hands of various persons, and for the security of all who may deal with it, it is necessary that it should show upon its face the liability of every person who is bound for its payment; for it is upon what appears from the paper to be the true relation of persons to it that successive holders contract.

In relation, however, to paper not by the law merchant deemed negotiable this rule does not prevail, and upon "written contracts not negotiable it is often competent to show that, although signed in the name of the agent only, they were executed in the business of the principal, and with the intent that he should be bound. And in such cases he is bound upon them accordingly." Daniel on Neg. Inst., 305; Lerned v. Johns, 9 Allen, 419; Brown v. Parker, 7 Allen (Mass.), 339; Huntington v. Knox, 7 Cush., 373; Slawson v. Loring, 5 Allen, 342; Railroad Co. v. Benedict, 5 Gray, 561; Green v. Skeel, 2 Hun, 487.

The instrument in question is payable in "current funds," and although there is some conflict of authority upon the question, it is believed to be the better doctrine that paper so payable, although otherwise in form negotiable, is not in law negotiable. Lindsay v. McClelland, 18 Wis., 508; Platt v. Sauk County Bank, 17 Wis., 230; Haddock v. Woods, 46 Iowa, 435; Daniel on Neg. Inst., 56.

We may say in this case as was said by the supreme court of Indiana in Conwell v. Pumphrey, 9 Ind., 138: "The note before us was perfect as a money demand without the addition of the phrase 'payable in current funds;' and unless that phrase was intended to allow payment in funds other than money, it is not easy to see why it was used."

In this case it appears from the instrument sued on that it was given in full of an account for building and repairs on the ranche, and that when paid by Underwood, Clark & Co., the sum so paid was to be charged to the ranche account; and from the evidence it appears that the ranche belonged to the appellant, and that thereon the appellees had performed such labor, and it also appears that the appellant intended that such accounts should be settled by its agent in the identical manner in which it was done in this case.

We are of opinion that, under the facts, the instrument created an obligation in favor of the appellees, and binding on the appellant.

The instrument being made payable to the appellees, it would not ordinarily be necessary for them to allege that they were the owners of it, and, as the pleadings stood, the court correctly so ruled.

On the trial, however, it appeared that the instrument had been transferred to Doddridge & Davis by the appellees, and that they had paid them for it; and when offered in evidence it still bore the indorsement by which it was transferred to Doddridge & Davis, and on this account it was objected to.

It appears that, after Underwood, Clarke & Co. refused to pay it, it was returned to Doddridge & Davis, and that appellees re-paid them the money which they had received on it, and took back the instrument as their own property, without any formal retransfer.

This being true, the court did not err in permitting the appellees to strike out their indorsement.

If nothing further than the indorsement had appeared, the presumption would be, when the paper was found in the hands of the payees, that the transfer had not been completed by delivery; that it had been returned to them as their own property, or that it had been transferred only for collection, and in such cases the right of the payee, even of a negotiable instrument, to strike out the indorsement is clear. Dugan v. United States, 3 Wheat., 172; Dollfus v. Frosch, 1 Denio, 367; Caldwell v. Evans, 5 Bush, 380; Building Association v. Weber, 34 Md., 669; Beeson v. Lippman, 52 Ala., 276; Pitts v. Keyser, 1 Stewart (Ala.), 154; Best v. Bank, 76 Ill., 609; Daniel on Neg. Inst., 1198.

It appears, however, that the instrument was at one time the property of Doddridge & Davis by a transfer which, by the statutes of this state, vested in them the legal as well as equitable title to the paper; that this transfer was not made solely for the purpose of collection for the appellees. R. S., 268, 269. This being true, it was incumbent on the appellees to show that they were its owners at the time the suit was brought. Pitts v. Keyser, 1 Stewart (Ala.), 155; Daniel on Neg. Inst., 1199. There was neither averment nor proof that the appellees were the owners at the time the suit was brought; and without this, the action could not be maintained, it having been shown that the appellees had parted at one time with the legal title as well as the beneficial interest in the paper.

The only evidence is, that they were owners at the time of the trial. When they so became does not appear, and no presumption that they were the owners at the time the suit was brought arises in the absence of an averment of that fact.

This matter is not clearly presented by the assignments of error; but the appellees have suggested delay, and asked damages, which opens up the entire record, and for this defect, which is a substantial one, the judgment will have to be reversed.

The court did not err in sustaining the exceptions to the appellant's plea of failure of consideration; for the facts stated were not sufficient to constitute such a defense. The other assignments of error are not well taken and need not be considered in this opinion.

For the reason given, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 13, 1885.]