MERCHANTS' & PLANTERS' NAT. BANK OF MT. VERNON v. JONES.

(No. 1399.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 28, 1915.)

1. PRINCIPAL AND AGENT ⬦=136—CONTRACTS —PERSONAL LIABILITY OF AGENT.

Defendant was employed by a peanut factory to purchase three car loads of peanuts, and he arranged with a bank to pay for the peanuts so purchased. When the three car loads were shipped, he drew a draft on the factory for the supposed price thereof in favor of the bank, which was paid, but it was afterwards discovered that the draft was for less than the full price of the peanuts. Defendant thereupon in his own name drew a draft for the balance, which the factory refused to pay. Held, that defendant was liable to the bank on this last draft, even though, in drawing it, he acted as agent for the factory, as an agent who makes, indorses, or accepts a negotiable instrument in his own name is personally liable thereon, though he may have acted in good faith and disclosed the fact of his agency or the name of his principal.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 447–450, 476–491; Dec. Dig. ⬦=136.]

2. PRINCIPAL AND AGENT ⬦=136—CONTRACTS —PERSONAL LIABILITY OF AGENT.

Even though the first draft would have been paid by the factory had it been drawn for the full amount due, and the failure to so draw it was due to carelessness on the part of the bank's cashier, this did not relieve defendant of liability; he having been fully advised of these facts when the draft was drawn.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 447–450, 476–491; Dec. Dig. ⬦=136.]

3. RELEASE ⬦=12 — CONSIDERATION — NECESSITY.

Where defendant was liable to plaintiff, he was not relieved of liability by plaintiff's assurance, when a suit against him and another party was commenced, that it claimed no liability against him, but was making him a party merely to give jurisdiction to the courts of a particular county over the third party; there having been no consideration for this agreement to release defendant from liability.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 18–20; Dec. Dig. ⬦=12.]

Appeal from Franklin County Court; J. J. Walker, Judge.

Action by the Merchants' & Planters' National Bank of Mt. Vernon, Tex., against C. J. Jones. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

The suit was by appellant, the payee, against appellee, the drawer, and the Terrell Peanut Factory, the drawee, of a draft as follows:

"Mt. Vernon, Texas, Dec. 5, 1908.

"Pay to the order of the Merchants' & Planters' National Bank of Mt. Vernon, Texas, the sum of one hundred and thirty-four and 93/100 ($134.93) dollars, for value received, and charge to the account of        C. J. Jones.

"To Terrell Peanut Factory, Terrell, Texas."

The suit was dismissed, so far as it was against the peanut factory. A trial as between appellant and appellee resulted in a

judgment that the former take nothing by its suit against the latter.

In his answer appellee alleged and as a witness testified to facts substantially as follows: (1) That the peanut factory employed him to purchase three car loads of peanuts in Mt. Vernon and ship same to it at Terrell, at 55 cents a bushel, and agreed to pay him, for his services in doing so, 5 cents for each bushel of the peanuts shipped. (2) That he arranged with appellant to pay for the peanuts by having the peanut factory have its bank in Terrell guarantee appellant that the peanut factory would pay his draft on it for the value of the three car loads of peanuts at 55 cents a bushel. (3) That he himself owned 300 or 400 bushels of peanuts and purchased of growers thereof the additional quantity necessary to make three car loads. (4) That when he purchased peanuts a ticket showing the quantity purchased was given to the seller thereof. (5) That the tickets so given to sellers were treated by appellant as checks drawn by him and paid by it when presented for the purpose. (6) That appellant paid him for the peanuts he owned, and also paid him the commission of 5 cents he was to receive of the peanut factory. (7) That, when the three car loads of peanuts were shipped to the peanut factory, he drew a draft on it in favor of appellant for a sum then supposed to represent the value of the three car loads of peanuts at 55 cents a bushel. (8) That the draft was paid by the peanut factory. (9) That afterwards it was discovered that some of the tickets paid by appellant, as the result of carelessness on the part of appellant's cashier, had been overlooked at the time the draft was drawn, and that, as a consequence thereof, the draft was for $134.93 less than it should have been for, to cover all the peanuts shipped at 55 cents a bushel. (10) That thereupon he drew the draft set out above, which the peanut factory refused to pay. (11) That appellant requested him to sue the peanut factory, and, on his refusal to do so, commenced this suit against him and the peanut factory. (12) That, at the time it commenced the suit, appellant assured him it was making him a party merely for the purpose of giving jurisdiction to the courts of Franklin county over the person of the peanut factory, and did not claim a liability on his part to it.

The court below in effect instructed the jury to find for appellee if they believed he acted as agent for the peanut factory in drawing the draft sued upon, or if they believed the amount of that draft was not included in the draft first drawn as a result of carelessness on the part of appellant's cashier, or if they believed appellee was made a party to the suit merely for the purpose of giving jurisdiction to the courts of Franklin county over the person of the peanut factory, and that appellant had assured him that it (appellant) did not claim a liability on his part to it.

R. T. Wilkinson and H. L. Wilkinson, both of Mt. Vernon, for appellant. S. D. Goswick, of Mt. Vernon, for appellee.

WILLSON, C. J. (after stating the facts as above). [1, 2] On the case made by the pleadings and the evidence, we think the court should have instructed the jury to find for appellant. It follows we are of opinion the seventh assignment, in which complaint is made of the refusal of the court to so instruct the jury, should have been sustained.

Appellee's contention that he acted for the peanut factory in drawing the draft on it, if sustained by the record, would not furnish a reason why he should not be held liable to appellant. The law applicable to such a contention has been stated to be as follows:

"It is a well-settled rule that only such persons are liable on a negotiable instrument as are named or described therein, or, in other words, a negotiable instrument is binding on the person only by whom it is signed. If an agent is authorized to make, draw, accept, or indorse a negotiable bill or note, in order that it may be binding on the principal, he must either sign the principal's name, or must make it appear in some way from the face of the instrument that it was executed by him; and, if instead of doing so, he, innocently or intentionally, makes it appear that he himself is the party to the instrument, it will be binding on him alone. When, therefore, the agent makes, indorses, or accepts a negotiable instrument in his own name, he is personally liable thereon, although he may have acted in good faith and may have disclosed the fact of his agency or the name of his principal; and parol evidence is inadmissible for the purpose of charging another or relieving the agent from liability on such instrument. And this is true notwithstanding a request to charge the bill or note to a particular account, and although the payee knows the maker, acceptor, or indorser to be an agent." 2 Clark & Skyles on the Law of Agency.

No reason appears from anything in the record before us why the general rule stated above should not be held to be applicable to the contention made by appellee, and conclusive as against a right in him to have the contention sustained.

Because the draft first drawn was paid by the peanut factory, appellee assumes that it would have been paid had it been drawn for a sum of $134.93 in excess of the sum it was drawn for. It was not shown that the first draft would have been paid had it been drawn for the full amount due for the peanuts; but if it should be conceded that it would have been, and if it should also be conceded that it was due to carelessness on the part of appellant's cashier that it was not so drawn, it would not follow that appellee would have been relieved of liability on the draft sued upon. He was as fully advised of those facts, if they were facts, at the time he drew the draft sued upon, as he was at the time this suit was commenced or afterwards.

[3] Nor do we think the fact, if it was a fact, that appellant, at the time it commenced

the suit against him, assured him that it did not claim a liability against him, but was making him a party merely for the purpose of giving jurisdiction to the courts of Franklin county over the person of the peanut factory, was a reason why he should have been relieved of the obligation he incurred to pay the draft sued upon if the peanut factory failed to pay it. It was not pretended that there was any consideration to appellant for its alleged agreement to release him from his liability to it.

The judgment will be reversed, and judgment will be here rendered that appellant have and recover of appellee the amount of the draft sued upon, interest thereon, and the costs of this court and of the justice and county courts.