**MERCHANTS' & PLANTERS' STATE BANK OF WINNSBORO, TEX., v. BREWER.**
(No. 3258.)

(Court of Civil Appeals of Texas. Texarkana. June 7, 1926. Rehearing Granted, June 24, 1926.)

**I. Evidence ⬥418.**

Parol evidence that drawer was agent not personally bound is inadmissible to qualify or contradict legal effect of plain, unambiguous, negotiable draft.

**2. Appeal and error ⬥747(2)—Court need not search record for evidence supporting judgment on different basis from that given, in absence of cross-assignment of error.**

In absence of cross-assignment of error raising question of appellant's failure to plead and prove presentment of draft to drawee, appellate court need not search record to ascertain sufficiency of evidence to support judgment rendered on assumption that draft was so presented.

Appeal from District Court, Wood County; J. R. Warren, Judge.

Action by H. W. Brewer against the Merchants' & Planters' State Bank of Winnsboro, Tex. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. D. Suiter, of Winnsboro, for appellant.
Jones & Jones, of Mineola, for appellee.

HODGES, J. Brewer, the appellee, sued the appellant for a debt of $520 based upon a deposit made with the appellant and which the latter refused to pay upon demand. In its answer the bank admitted receiving the deposit, and justified its refusal to pay upon the ground that Brewer was indebted to it in an equal sum and the deposit had been applied in satisfaction of that claim. The special answer presenting that defense is, in substance, as follows:

On the 15th of April, 1922, Brewer drew the following draft on the White Produce Company at Greenville, Texas:

"Winnsboro, Texas, 4/15/1922.
"On demand pay to the order of Merchants' & Planters' State Bank of Winnsboro, Texas, one thousand ($1000.00) dollars.
"I have the above amount to my credit with drawee, and have authority to make this draft. Through this representation I have obtained the above amount from the Merchants' & Planters' State Bank of Winnsboro, Texas. Value received. Charge the same to account of H. W. Brewer."

Upon the drawing of that draft $1,000 was placed to the credit of the White Produce Company subject to the check of Brewer. The draft was transmitted to a local bank at Greenville, Tex., for collection, but was never paid, and Brewer was notified of its dishonor. At his request the draft was returned in another effort for collection. Upon Brewer's promise to guarantee payment of the draft the bank continued to honor his checks drawn upon that fund. The White Produce Company was at that time insolvent, and in a short time thereafter went into bankruptcy. The draft was never paid. Through a transaction not necessary to here state in detail a credit of $600 was entered on the books of the bank in favor of the White Produce Company on that account. Upon the refusal of Brewer to pay the balance, amounting to $520, the bank appropriated that much of his credit on its books. To that answer Brewer filed a general demurrer and a general denial, and specially denied that he had agreed to guarantee the payment of the draft on the terms mentioned. In response to appropriate interrogatories the jury found, upon conflicting testimony, that Brewer had not agreed to guarantee the payment of the draft in consideration of the bank's honoring his checks drawn upon the

fund placed to the credit of the White Produce Company.

At the request of the appellant the court made special findings, which may be summarized as follows: (1) Brewer was the agent of the White Produce Company at Winnsboro, Tex., to buy and ship produce for that company, at the time the draft in question was drawn, and had been so engaged in that business and agency for more than a year prior to that date. (2) The White Produce Company carried an account on the books of the appellant bank styled, "Account of White Produce Company, H. W. Brewer, City." That account was opened by Brewer as an agent, and for the purpose of enabling him to purchase produce for his company by giving checks. The account was maintained by drafts drawn by Brewer upon the White Produce Company as funds were needed. On some occasions checks were given by Brewer on the White Produce Company, and the amounts credited to this fund. Brewer alone was authorized to draw checks upon that account, and all checks so drawn were given either by him or by employees under his directions, and were for payment of produce bought by him for the White Produce Company. (3) Brewer was paid a salary for his services, and all salary payments were made by checks sent to him by the White Produce Company and deposited to Brewer's individual credit. (4) Brewer carried an individual account with the defendant bank, and this was for the purpose of keeping his individual business and that of the White Produce Company separate and distinct. (5) On April 15, 1922, the cashier of the defendant bank called Brewer's attention to the fact that the account of the White Produce Company was running low, and suggested that Brewer give a draft to replenish the account; whereupon Brewer drew the draft in question. The appellant bank knew at the time that Brewer was acting as agent of the White Produce Company, and the sum of $1,000 was credited to the account of that company. The amount so credited was later drawn out on checks by Brewer in payment for produce for the White Produce Company; no part of it was paid to Brewer individually. (6) That account had been carried in that form with the appellant bank for more than two years, and the employees of the bank had kept it in that form under the direction of Brewer. (7) The White Produce Company was a corporation, with a branch house at Greenville, Tex., and one at Winnsboro, Tex. The draft for $1,000 was forwarded by the defendant bank to the Greenville National Bank for collection from the White Produce Company. (8) The White Produce Company was insolvent, and was placed in the hands of a receiver about the time the draft in question reached Greenville. In a short while thereafter it was declared bankrupt, but Brewer did not know of the financial troubles of the White Produce Company at the time he drew the draft. (9) After the above transaction, and up to March 29, 1924, Brewer carried an individual checking account with the defendant bank of several hundred dollars, ranging up to $1,500. On or about March 29, 1924, the defendant bank, without the consent of Brewer, charged to his personal account the sum of $520, being the remainder then owing on the draft after certain credits explained by the evidence had been allowed.

From those findings the court concluded that the appellant bank knew that Brewer in drawing the draft was acting as the agent of the White Produce Company, and he was not liable individually for the payment of the draft. Upon those findings judgment was entered in favor of Brewer.

[1] The appellant requested a peremptory instruction in its favor, which was refused. Over its objection Brewer was permitted to testify that in drawing the draft he was merely acting as the agent of the White Produce Company; that this was known to the bank officials at the time, and it was understood he was not to be personally bound as a drawer. The admission of that testimony, which formed the basis of the court's judgment, and the refusal to give the peremptory instruction, are assigned as errors. The draft was a plain, unambiguous, negotiable instrument. There was nothing on its face to indicate that Brewer was an agent, or that he did not intend to bind himself personally. Therefore parol evidence was not admissible to qualify or contradict the legal effect of the draft. M. & P. Nat. Bank v. Jones (Tex. Civ. App.) 173 S. W. 606; Texas L. & C. Co. v. Carroll et al., 63 Tex. 48; Sanger v. Warren, 91 Tex. 482, 44 S. W. 477, 66 Am. St. Rep. 913; Heffron v. Pollard, 73 Tex. 96, 11 S. W. 165, 15 Am. St. Rep. 764; Newhall v. Dunlap, 14 Me. 180, 31 Am. Dec. 45; Coaling Coal Co. v. Howard, 130 Ga. 807, 61 S. E. 987, 21 L. R. A. (N. S.) 1051, and notes; 2 Ruling Case Law, pp. 847, 848.

As holding to the contrary counsel for appellee refer to the case of Alex Woldert Co. et al. v. Citizens' Bank, 234 S. W. 124, decided by this court. The draft under consideration in that case was, upon its face, materially different from the one involved in this litigation, and that difference was the basis for the ruling there made. That was a suit against the drawee, and not one seeking to hold the drawer liable.

[2] We are of the opinion that parol testimony, which legally contradicted the plain terms of the draft, should not have been considered in determining the question of liability. Counsel for appellee insist that, even if the court committed an error in admitting and considering parol testimony varying the terms and legal effect of the draft, nevertheless the judgment should be affirmed upon the ground that the appellant failed to

plead and prove presentment of the draft to the drawee, as required by law. While a general demurrer was filed to the appellant's answer, none was called to the attention of the trial court, and no ruling was made upon the legal sufficiency of the answer. The appellant did plead in a general way that payment of the draft was demanded and refused. Whether or not the draft was actually presented was not a controverted issue in the trial. The court apparently disposed of the case upon assumption that it had been. In the absence of some cross-assignment of error raising that question we are not required to search the record to ascertain the sufficiency of the evidence to support the judgment upon a different basis from that given.

The judgment will be reversed, and judgment here rendered that the appellee take nothing by his suit.

### On Motion for Rehearing.

Upon further consideration of this case we have concluded that on account of the state of the evidence the judgment of the trial court should be reversed and the cause remanded for another trial; and the judgment heretofore rendered reversing and rendering the case will be modified and the cause remanded.