# The Canton National Building Association vs. Charles Weber.

*Pleading—Misjoinder of Counts—Act of 1864, ch. 6 —What the Affidavit required by its 8th section need not state—Practice.*

A count in debt cannot be joined with a count in *assumpsit*. and such misjoinder may be taken advantage of, by motion in arrest of judgment.

In an action on a single bill, under the Act of 1864, ch. 6, it is not necessary for the plaintiff, filing his cause of action, to state in the affidavit required by the 8th section of the Act to be filed with his declaration, the time from which interest is claimed, the amount thereof or the costs of protest.

Where a single bill, duly endorsed, comes back to the hands of the payee, he may sue, in his own name, the obligor, notwithstanding there may be on the single bill one or more endorsements in full, subsequent to his own, and he need not prove the endorsements, but may erase them or not, at his pleasure.

Appeal from the Supreme Bench of Baltimore City.

This suit was instituted by the appellee against the appellant. The cause of action was a single bill of the appellant, dated the 24th of October, 1868, for one thousand dollars, with interest, payable twelve months after date, to the order of the appellee, and by him endorsed. There were subsequent endorsements thereon. A further statement of the case will be found in the opinion of the Court.

The cause was argued before Bartol, C. J., Brent, Grason, Alvey and Robinson, J.

*T. A. Linthicum,* for the appellant.

*John Henry Keene, Jr.,* for the appellee.

Grason, J., delivered the opinion of the Court.

Upon the institution of this suit by the appellee against the appellant, a *narr.* was filed containing seven counts, the

first six of which were the common money counts, and the seventh was a count on a promissory note, bearing date the 24th day of October, 1868, for $1,000, and payable twelve months after date. Before the jury retired, the plaintiff obtained leave to. amend his *narr.*, and made the amendment by adding an eighth count upon a writing obligatory, bearing date the same day and year, for the same amount, and having the same time to run, as the promissory note declared on in the seventh count.

Additional pleas were filed, issues were joined, and the verdict being against the defendant, it moved in arrest of judgment, and filed four reasons, the first and second, because counts in *assumpsit* and debt were improperly joined in the *narr.*; the third, because the affidavit, filed with the *narr.*, alleges an indebtedness of $1,000, (exclusive of interest and costs of protest,) and no date is stated in the affidavit from which interest is claimed to be due, and no statement is made of the amount of interest claimed, yet the verdict is for $1,085, a greater amount than that stated in the affidavit; and the fourth, because the cause of action filed with the *narr.*, shows, by the endorsements upon it, that the title to the same was not in the plaintiff. The Supreme Bench overruled the motion in arrest, and from the judgment overruling the motion this appeal is taken. Although the forms of pleading have been simplified by the Code, the forms of action have been preserved and kept distinct. The pleadings therefore, however simplified, must be still adapted to the particular form of action brought, and counts in debt can no more be joined with counts in *assumpsit* now than they could at common law. The Act of 1856, ch. 112, section 33, authorized causes of action of whatever kind, except *replevin* and *ejectment*, to be joined in the same suit, provided they were by and against the same parties, and in the same right. But the Code does not authorize such joinder of causes of action or counts, and if they are so joined, the misjoinder may be taken advantage of by the motion in arrest of judg-

ment. 1 *Chitt. Plead.*, 205, 206, 207. For this reason, the judgment in this case ought to have been arrested.

Under the Act of 1864, ch. 6, section 8, it is not necessary to state in the affidavit the time from which interest is claimed. Under that section of the Act, the note or other cause of action is required to be filed with the *narr.* and affidavit, and the note shows upon its face from what time interest is to be calculated. Neither is it required that the amount of interest should be stated in the affidavit, for even if the amount should be stated, the judgment would not correspond with the statement, inasmuch as the plaintiff is entitled to have interest to the date of the judgment, and it would be impossible to know at what time the judgment would be rendered. Nor was it necessary to state in the affidavit the cost of protest as part of the amount due, as it constituted no part of the debt due, but was merely costs of the protest.

We also think there is no force in the fourth reason. The payee, in this case, was the holder of the single bill, and the plaintiff in the action, and it was therefore unnecessary for him to prove the assignments made upon the writing obligatory. This principle, so far as regards promissory notes and bills of exchange, has been settled by the cases of *Dugan vs. The United States*, 3 *Wheat.*, 183, and *Bowie, use of Ladd, vs. Duval*, 1 *G. & J.*, 179, and the same principle is applicable to cases like the one now before us. The cases above cited, decide that, where the payee is the holder of a note or bill of exchange, he need not prove the endorsements, but may erase them or not, at his pleasure.

The judgment of the Supreme Bench overruling the motion in arrest, must be reversed, and the judgment of Baltimore City Court arrested.

> *Judgment of the Supreme Bench*
> *reversed, and the judgment of*
> *Baltimore City Court arrested.*

(Decided 23d June, 1871.)