### LOUISA SWEM *vs.* CATHERINE SHARRETTS.

*Pleading—Misjoinder of Counts—Count in Assumpsit at Common law, and under the Code—Art. 75, sec. 22, of the Code—Common counts—Counts in Assumpsit for the recovery of Rent—When Rent may be recovered in action of Assumpsit.*

The joinder of a count in debt with a count in *assumpsit* is improper, and such misjoinder may be taken advantage of by a motion in arrest of judgment.

At common law the allegation of a promise to pay by the defendant was necessary to make a good count in assumpsit, but the necessity of alleging such a promise, has been dispensed with by the Code. (Art. 75, sec. 22.)

Common counts in the form prescribed by the Code, (Art. 75, sec. 22,) are counts in assumpsit.

Counts which allege the letting by the plaintiff to the defendant of certain tenements described, at twelve dollars per month, and the occupation thereof by the defendant for the period mentioned, and allege the amount due on account of said rental, are counts in *assumpsit*.

An action of *assumpsit* may be maintained for the recovery of rent due on a parol demise.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., STEWART, BRENT, MILLER, ALVEY and ROBINSON, J.

*John H. Handy* and *Wm. T. Roberts,* for the appellant.

*Louis H. Powell* and *James A. L. McClure,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

A verdict was rendered in favor of the appellee, the plaintiff below, and the appellant moved in arrest of judgment for the alleged reason that "*there is a misjoinder of causes of action in the narr.*"

The only question for review on this appeal is the action of the "Superior Court" in overruling the motion.

The declaration contained originally seven counts, the last of these was for the rent of a dwelling house; leave was granted to amend, and an *eighth count* was added for the rent of certain rooms in the dwelling house.

The supposed misjoinder is alleged to arise from the first six counts being in *indebitatus assumpsit*, while it is said the *seventh* and *eighth* counts are in debt. If this be so the objection would be fatal. It was decided in *The Canton N. B. Association vs. Weber*, 34 *Md.*, 669, that under the Code, a count in debt cannot be joined with counts in *assumpsit*, and if a declaration contains such misjoinder it is bad in arrest of judgment.

This leads us to examine whether the objection in this case is well taken. The first six counts are in the form prescribed in the Code, *Art. 75, sec. 22, counts 1st to 7th, inclusive,* called "Common Counts." The appellee contends that these counts are in debt and not in assumpsit, because they do not allege a promise by the defendant, which it is said is essential to constitute a count in *assumpsit*. At the common law such an allegation was necessary to make a good count in *assumpsit*. *Smith vs. Cox*, 11 *Mes. & W.*, 475; *Metcalf vs. Robinson*, 2 *McLean*, 365; *Cruikshank vs. Brown*, 5 *Gilman*, 77; *Gould's Pleading, ch.* 3, *sec.* 19; 1 *Chitty Pl.*, 301.

This Rule has been changed by the Code, which has dispensed with the necessity of alleging a promise and provides, *Art.* 75, *sec.* 22, that "the statements of causes of actions, for the common counts, therein prescribed shall be sufficient." In none of these is any promise by the

defendant alleged, and yet they are counts in *assumpsit;* and so are the first six counts in the declaration in this case, which follow the form prescribed by the Code.

In our opinion the *seventh* and *eighth* counts are also in *assumpsit,* and not in debt.    They allege the letting by the plaintiff to the defendant of certain tenements described, at twelve dollars per month, and the occupation thereof by the defendant for the period mentioned, and allege the amount due on account of said rental.    If the declaration had averred a promise by the defendant to pay, there could be no doubt or question but that these would be good counts in *assumpsit.*    But as we have said, the Code has dispensed with the necessity of alleging a promise.

It seems to be supposed by the appellant's counsel, that these are counts in debt, because they are for the recovery of rent.    But as said by *Chitty, vol.* 1, *p.* 106, since the Statute of George 2, ch. 19, "rent due on a demise not under seal, may be recovered by action of *assumpsit* as well as debt."

Here the letting was by parol, and consequently an action of *assumpsit* may be maintained for the rent.

Being of opinion that there is no misjoinder of causes of action in the *narr.,* the judgment will be affirmed.

*Judgment affirmed.*