## W. L. JOHNSON AND C. R. BEDFORD v. B. F. MITCHELL.

1. INDORSEMENT IN FULL OF NEGOTIABLE NOTE.—The legal effect of possession of a promissory note payable to bearer and indorsed in full by the payee, as against the maker, is to evidence title to the note.
2. SAME—GUARANTY.—See discussion of effect of an indorsement in full by the payee of a negotiable note payable to bearer, as against the indorser, who also was guarantor.

APPEAL from Hopkins. Tried below before the Hon. Green J. Clark.

The facts are stated in the opinion.

*Sam. J. Hunter*, for appellants.—We insist that the evidence does not support the judgment, because it fails to establish that B. F. Mitchell is the legal holder or owner of the note sued on; and this is the only question we make.

The note was executed by Johnson and Bedford to John W. Crabtree or bearer March 4, 1872, and fell due January 1, 1873. It was assigned in writing to S. L. Gilbert on the 11th of September, 1873. Suit was instituted December 2, 1873.

The plaintiff, in his petition, alleges: "That for a valuable consideration, on the — day of ——, 1873, and after said promissory note was transferred to said Gilbert, he purchased and bought said promissory note from said Gilbert, and said Gilbert transferred said note to him by delivery."

This, we insist, is one of the material allegations in the petition, because if it had not been made the petition would not have shown any right in the plaintiff to maintain this action in his own name. (Malone v. Craig, 22 Tex., 609; Gray v. Osborne, 24 Tex., 157; Rutherford v. Smith, 28 Tex., 322; Colbertson v. Beeson, 30 Tex., 76.)

The general denial puts the question of ownership of the note in issue, if it is a material allegation. (Sayles' Pl., secs. 118, 119, and authorities cited.) Then we insist that the

allegation of ownership ought to have been sustained by
proof.

Paschal's Digest, art. 221, provides: "That any person to
whom    *    *    *    negotiable instruments may have been
assigned may thereupon maintain an action in his own name."

We believe that a literal construction of this statute would
require the assignment to be in writing; though it has been
held, we believe, that a verbal assignment is sufficient. But
we apprehend that in the absence of the written assignment
which is usual in the transfer of commercial paper, the party
who alleges that he is the owner must prove that he is the
owner, especially in this case, where the indorsement on the
note shows it to be the property of S. L. Gilbert.

The fact that it is payable to bearer does not entitle any
person who may chance to hold the instrument in his hand
to sue upon it, but only those, as we conceive, who are the
legal holders and owners and have a meritorious interest in
the note. Hence we believe that one who should find it, if
lost by the owner, or should steal it, could not collect the
proceeds by suit.

GOULD, ASSOCIATE JUSTICE.—This suit was brought by B.
F. Mitchell against appellants, W. L. Johnson and C. R.
Bedford, the makers of a promissory note, payable January
1, 1873, to J. W. Crabtree or bearer, and against Crabtree
who had indorsed the note as follows: "I hereby assign the
within note to S. L. Gilbert for value received, and guaran-
tee the solvency of the makers of said note, 11th of Septem-
ber, 1873.—J. W. CRABTREE."

The averments of Mitchell's petition as to his right or title
to the instrument sued on were, that he was the legal holder
and owner of the note; that Crabtree sold and transferred it
to Gilbert, setting out the assignment as indorsed, and that,
after said transfer, he (plaintiff) purchased the note from
Gilbert, who transferred it to him by delivery. The only
evidence of ownership introduced by Mitchell was the note

and indorsement. The defendants had all filed a general denial, but produced no evidence. A jury being waived, the court gave judgment against Johnson and Bedford as principals and Crabtree as guarantee. Johnson and Bedford asked for a new trial, claiming that the evidence was insufficient to support the judgment; and their motion being overruled, they alone have appealed.

It is insisted, on their part, that the production of the note, transferred as it was to Gilbert, did not establish that Mitchell was the legal holder or owner.

As Crabtree does not complain, the sole question is as to the legal effect of possession of a note payable to bearer and indorsed in full by the payee, as against the makers.

Feeling that uniformity of decision, in all cases important, is not least so in questions of commercial law, and failing to find decisions directly in point, we have given the authorities bearing on the question a careful examination.

According to the elementary authorities, a bill or note payable to order and indorsed in blank, so long as the indorsement continues blank, " is in effect payable to bearer." (Chitty on Bills, 11th ed., 227; 3 Kent, 9th ed., side p. 89; Story on Bills, sec. 60; 2 Pars. on Notes and Bills, p. 19, note w; Edws. on Bills and Notes, 131, 269; 1 Danl. on Neg. Inst., sec. 693; Greneaux v. Wheeler, 6 Tex., 522; Wethered v. Smith, 9 Tex., 625; Whithed v. McAdams, 18 Tex., 553; Ross v. Smith, 19 Tex., 172.)

Lord Mansfield said, in Peacock v. Rhodes: " I see no difference between a note indorsed in blank and one payable to bearer; " and Chancellor Kent said, in Conroy v. Warren: " A note indorsed in blank and one payable to bearer are of the same nature. They both go by delivery, and possession passes property in both cases." ( 2 Doug., 636; 3 Johns. Cases, 263.) So " a note payable to the maker's order becomes, in legal effect, when indorsed in blank, a note payable to bearer." (Byles on Bills, ch. 7, p. 68; Brown v. DeWinton, 6 M. G. & S., (60 Eng. Com. Law,) 336.)

From these authorities, we conclude that Mitchell's possession was at least as satisfactory evidence of his ownership as it would have been had the note been payable to Crabtree or order, indorsed in blank by Crabtree, and then indorsed in full by Gilbert and some one other than Mitchell.

The negotiability of a note payable to bearer is certainly not further restrained by an indorsement in full than would be, by the same indorsement, the negotiability of a note payable to order and indorsed in blank by the payee. But the rule is well settled, that " if a bill be once indorsed in blank, though afterwards indorsed in full, it will still, as against the drawer, the payee, the acceptor, the blank indorser, and all indorsers before him, be payable to bearer, though as against the special indorser himself title must be made through his indorsee." (Byles on Bills, 5th ed., 109, cited by Pollock in 2 Exch., *infra;* Chitty on Bills, 228, 230a; 3 Kent, side p. 90; Story on Prom. Notes, sec. 139; 2 Pars. on Notes and Bills, 19, 26; Walker *et al. v.* McDonald, 2 Exch., (Welsby, H. & G.,) 531, citing Smith *v.* Clark, 1 Peak. N. P. C., 295, and 1 Esp., 180; Mitchell *v.* Fuller, 15 Penn., 270; Huie *v.* Bailey, 16 La., 213; Little *v.* O'Brien, 9 Mass., 423; Dugan *v.* The United States, 3 Wheat., 172; Edws. on Bills and Notes, 275, citing Dolfus *v.* Frosch, 1 Denio, 367; Savannah National Bank *v.* Haskins.)

We conclude, then, that however it might have been as against Crabtree, on which point we express no opinion, as against the makers of the note, its production by Mitchell was sufficient evidence of title.

It may be objected that the safe transmission, by mail or otherwise, of notes and bills payable to bearer requires a different rule. The answer is, first, that such a consideration will not justify a departure by the courts from established principles and precedents; second, that what is known as a " restrictive " indorsement stops the currency of negotiable paper. (Chitty on Bills, 232; Story on Prom. Notes, sec.

142, *et seq.*; 2 Pars. on Notes and Bills, 21; 1 Danl. on Neg. Inst., sec. 698.)

Whilst we have disposed of the case on the assumption that Crabtree's transfer was equivalent to an indorsement in full to Gilbert or order, it is not intended to pass upon that question. Looking to the original nature of the note, which was that it should pass by delivery, and following what was long since said to be the settled rule, " that the assignment follows the nature of the thing assigned," it may be questioned whether that indorsement does not receive full effect by treating it as intended to secure Crabtree's liability as guarantor to Gilbert or bearer. (See Edie *v.* East India Co., 2 Burr., 1216; Lane *v.* Krekel, 22 Iowa, 400.)

The judgment is affirmed.

AFFIRMED.