PETER P. SMITH, GEORGE L. SMITH and MARY E. SMITH *vs.* STATE OF MARYLAND.

*Act of 1872, ch. 270—Joint action against a Married woman and her Husband—Joint Bond of Husband and Wife— Rule for the Construction of Statutes—Act of 1856, ch. 112—Misjoinder of Actions.*

The Act of 1872, ch. 270, which provides that a married woman may be sued jointly with her husband, on any bond executed jointly with her husband, applies to the bond of a collector of taxes, executed by him as principal, and by his wife, and another married woman with her husband as sureties.

When the language of a statute is clear and unambiguous, a meaning, different from that which the words plainly imply, cannot be judicially sanctioned. Even when a Court is convinced that the Legislature really meant and intended something not expressed by the phraseology of the Act, it will not deem itself authorized to depart from the plain meaning of language which is free from ambiguity.

The Act of 1856, ch. 112, while simplifying the forms of pleading and practice, did not abolish the distinctive nature of actions, and the common counts in *assumpsit* cannot be joined with a count in debt on bond.

On an appeal from a judgment on demurrer, the question in respect of the misjoinder of actions, can be considered and determined by the Appellate Court, although it does not appear by the record to have been presented and passed upon in the Court below.

APPEAL from the Circuit Court for St. Mary's County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, IRVING, and BRYAN, J.

*Daniel R. Magruder,* for the appellants.

*Charles B. Roberts, Attorney-General,* for the appellee.

YELLOTT, J., delivered the opinion of the Court.

The appellant, Peter P. Smith, having been appointed collector of State taxes for the year 1883, gave bond with Annie C. Smith, his wife, and George L. Smith and Mary E. Smith, wife of said George, as sureties. Suit was brought by the State on said bond. Annie C. Smith was returned not summoned. The other defendants appeared and pleaded, and having obtained leave of. the Court to withdraw their pleas, leave was granted to Mary E. Smith to sever in her defence and to plead separately, and she filed the plea of coverture. The said Peter and George then pleaded "that the said writing obligatory was and is wholly without validity as to the said Annie and Mary, and hence the said writing obligatory was and is the obligation of these defendants, Peter and George alone, and as such was never duly. approved as required by law, and in the manner prescribed by law, and hence is wholly without validity as a bond of the said Peter as such collector as aforesaid, and is not good or pleadable or admissible in evidence against these defendants," &c., &c. The second plea filed by the defendants Peter and George was to the same effect and presented substantially the same defence. The plaintiff demurred to all these pleas, and judgment for plaintiff on demurrer was given in the Court below, and afterwards judgment against the defendants on the bond.

On this appeal the first question to be decided relates to the liability of married women on bonds of this nature.

The Act of 1872, ch. 270, reads as follows :

" Any married woman may be sued jointly with her husband in any of the Courts of this State, or before any justice of the peace, on any note, bill of exchange, single-

bill, bond, contract or agreement which she may have executed jointly with her husband, and may employ counsel and defend such action or suit separately or jointly with her husband, and judgments recovered in such cases shall be liens on the property of defendants, and may be collected by execution or attachment, in the same manner as if the defendants were not husband and wife."

Whatever latitude may, at one time, have been assumed by Courts in the construction of statutes, the more recent cases have established the rule that when the language of a legislative enactment is clear and unambiguous, a meaning, different from that which the words plainly imply, cannot be judicially sanctioned. Even when a Court is convinced that the Legislature really meant and intended something not expressed by the phraseology of the Act, it will not deem itself authorized to depart from the plain meaning of language which is free from ambiguity. As was said by Lord DENMAN, in *Green vs. Wood*, 7 *Adol. and E.*, 185, "Those who used the words thought they had effected the purpose intended. But we, looking at the words as Judges, are no more justified in introducing that meaning than we should be if we added any other provision. We can do no more than give such a meaning as the words authorize." The Supreme Court of Ohio, in *Woodbury vs. Berry*, 18 *Ohio*, 462, emphatically say: "It is our legitimate function to interpret legislation but not to supply its omissions." And the doctrine in all the States seems to be well established, and it is now uniformly held that if the language of a statute is plain and unambiguous there is no room for construction, there being nothing to construe. *United States vs. Ragsdale*, 1 *Humph.*, 497; *Bosley vs. Mattingly*, 14 *B. Mon.*, 89.

This is undoubtedly the recognized rule in Maryland. In *Alexander vs. Worthington*, 5 *Md.*, 472, it was said that "Courts cannot imagine an intent and bind the letter of the Act to it." In *Clark vs. Mayor and C. C. of Baltimore*, 29 *Md.*, 283, the principle is enunciated, that

if the words of a statute "are clear, precise and unambiguous the Legislature must be understood to mean what it has plainly expressed." And in *Maxwell vs. The State,* 40 *Md.,* 293, this Court, adopting the language of a learned author on the subject, determined "that Courts must not, even to give effect to what they may suppose to be the intention of the Legislature, put upon the provision of a statute a construction not supported by the words, even although the consequences should be to defeat the object of the Act."

In the Act of Assembly now under consideration there is no ambiguity; for the language is broad and comprehensive and is applicable to every married woman who has executed any bond jointly with her husband. In this case the bond is joint and several, and the wife executed it jointly with her husband, in conformity with the requirements of the statute. It is enacted, in clear and explicit terms, that a married woman may be sued on any bond executed jointly with her husband. When the Legislature says she may be sued on *any bond* executed jointly with her husband, can the judicial department of the government undertake to say that the law-makers meant that she shall not be sued on *some bonds* executed jointly with her husband? Such a determination could only be reached by a species of judicial legislation not sanctioned by any authority, and extremely dangerous if once established as a precedent. The Court below was, therefore, clearly right in its construction of the statute, and so far we find no error in its ruling.

But when the record is examined a fatal defect in the pleadings becomes apparent; for the declaration joins the common counts in assumpsit with debt on bond. This cannot be done. In *Sterling vs. Garritee,* 18 *Md.,* 448, it was decided that notwithstanding the Act of 1856, ch. 112, which simplified the forms of pleading and practice in this State, the distinctive nature of actions remains, although the old forms have been abolished and new ones

Smith *vs.* State.

adopted. Since the passage of the last mentioned Act it was rendered optional with the pleader to use either the new or the common law forms.    Code, Art. 75, sec. 107. In *Canton Nat. Build. Asso. vs. Weber*, 34 *Md.*, 670, this Court decided that " although the forms of pleading have been simplified by the Code, the forms of action have been preserved and kept distinct.    The pleadings therefore, however simplified, must still be adapted to the particular form of action brought, and counts in debt can no more be joined with counts in *assumpsit* now than they could at common law."

Now it is a recognized rule that demurrer mounts to the first error in pleading, and the Court will give judgment against the party whose pleading is first defective in substance.    *Osceola Tribe vs. Schmidt*, 57 *Md.*, 98.    Although the question in relation to the misjoinder of actions does not appear by the record to have been presented and passed upon in the Court below, it can be properly considered and determined by this Court, for it has been decided that the Act of 1825, ch. 117, does not apply to demurrers or motions in arrest of judgment.    *Charlotte Hall School vs. Greenwell*, 4 *G. & J.*, 407.

The demurrer filed by the plaintiff to the defendants' pleas brought the entire pleadings in the cause under review, and as the plaintiff by a misjoinder of actions in its declaration, committed the first error in pleading, judgment should have been rendered against it instead of against the defendants.    The ruling of the Court below being erroneous in this respect its judgment must be reversed and the cause remanded, so that the pleadings may be amended.

*Judgment reversed, and*
*new trial awarded.*