L. C. GRANT ET AL. v. M. L. ENNIS ET AL.

No. 281.

Promissory Note — Blank Endorsement— Proof of Ownership.—
Notes payable to plaintiff or order and endorsed by her in blank, when produced
by her and offered in evidence, make a prima facie case of ownership, the same
as if they were payable to bearer; and a further endorsement "for collection,"
made by a bank, does not disprove her ownership.

APPEAL from Wichita.    Tried below before Hon. GEO. E. MILLER.

*Ashby S. James*, for appellants.—Where there is an endorsement by the
payees of a negotiable note, if they afterwards sue in their own names
upon same, it devolves upon them to show by competent evidence that
they are still the owners of the note, and have not parted with the title
to it.    The first note here sued on is payable to Marie L. Ennis, and is
endorsed " Marie L. Ennis;" and is further endorsed, " Pay to the order
of Panhandle National Bank for collection, account of First National
Bank, Chicago.    December 26, 1890.    H. R. Symonds, Cashier."    Walsh
v. Lindo, 7 Cranch, 159; Southern Bank v. Savings Bank, 2 Ga., 253;
Spriggs v. Cuney, 19 Mart., 253; 2 Dan. on Neg. Inst., sec. 1196.

No brief for appellees reached the Reporter.

STEPHENS, ASSOCIATE JUSTICE.—The material allegations of plaintiff's
petition were sustained by the evidence, the suit being on two promissory
notes, and to foreclose the vendor's lien.    The notes were payable to
plaintiff or order, and were endorsed by her in blank.    When produced
by her and offered in evidence, they made a prima facie case of ownership,
the same as if they had been payable to bearer.    The further endorse-
ment on one of them by the Chicago bank to the Texas bank for collec-
tion, tended rather to corroborate than to disprove the ownership as
alleged.    Johnson v. Mitchell, 50 Texas, 212; 2 Dan. on Neg. Inst., sec.
1198; Dugan v. United States, 3 Wheat., 172.

The indefinite description of the land in the face of the note was cured
by oral testimony.

These conclusions dispose of the assignment of error and lead to an
affirmance of the judgment.

*Affirmed.*

Delivered November 15  1893.