## MYRICK BROTHERS COMPANY ET AL. v. H. B. JACKSON.

### Decided December 21, 1906.

**1.—Venue—Abatement.**

   In a suit upon two promissory notes against the maker and several endorsers, evidence considered, and held insufficient to support a plea of personal privilege and of abatement.

**2.—Note by Corporation—Authority of Secretary.**

   When the undisputed testimony showed that it was customary for the secretary and manager of a corporation, without the express consent of the company, to execute notes in the name of the company in the conduct of its business, and that this custom had never been questioned, and that the notes sued on were executed by the said secretary and manager for money which the company owed, it was sufficient to support a finding that the notes sued on were executed by authority of the company.

**3.—Promissory Note—Endorsement in Blank.**

   A negotiable promissory note endorsed in blank is transferable by delivery, and one in possession of such note is presumed to be the owner.

Appeal from the District Court of Orange County. Tried below before Hon. W. B. Powell.

*Greers & Nall,* for appellants.—The court erred in its conclusion of fact that the notes were executed by the Beaumont Enterprise Publishing Company, in that said company was shown to be a corporation and no proof was made that its board of directors ever authorized the execution of the notes, and in that the proof showed said notes were given without such authority, as payment for the stock of the corporation itself. The court further erred in its conclusion of fact in finding said Beaumont Enterprise Company authorized the execution and delivery of said notes, in that here were no facts to support such finding, and the same is contrary to establish facts. South Texas National Bank v. La-Grange Oil Mill Co., 40 S. W. Rep., 328; North Side Ry. Co. v. Worthington, 88 Texas, 570.

*Holland & Holland,* for appellee.

REESE, ASSOCIATE JUSTICE.—H. B. Jackson sued The Beaumont Enterprise Publishing Company, a corporation, as maker, and W. A. Myrick, Russell Myrick, Myrick Brothers Co., a corporation. and Mort L. Bixler, as endorsers, upon two certain promissory notes for $1,000 each. The suit was in the District Court of Orange County. The plaintiff and Mort L. Bixler, one of the defendants, were residents of Orange County at the time the suit was instituted. The other defendants re-

sided in Jefferson County. All of the defendants except Bixler filed a plea of personal privilege to be sued in the county of their residence. The plea alleged the residence of said defendants to be in Jefferson County and specifically negatived all of the exceptions in the statute which would authorize a suit against them in Orange County except the essential one, under which the venue in that county attached, that Bixler, one of the defendants was a resident of that county. In another plea these defendants set up that the endorsement of Bixler was made for the purpose of giving jurisdiction to the District Court of Orange County and was a fraud upon the court. These defendants further pleaded that the notes sued upon were executed by Bixler as secretary and manager of the Beaumont Enterprise Publishing Company without authority of the board of directors.

Myrick Brothers Company pleaded *non est factum.* These defendants also pleaded general demurrer and general denial. Defendant Bixler did not answer.

Upon trial without a jury there was judgment against all of the defendants for the amount due upon the notes, from which all of them except Bixler appeal.

The following are the facts as found by the trial court which is adopted as our finding of the facts:

"First. The notes sued on were executed by Beaumont Enterprise Publishing Company, to W. A. Myrick, for money owing by said company to said Myrick.

"Second. The execution and delivery of the notes were authorized by the Beaumont Enterprise Publishing Company.

"Third. Said Myrick endorsed and delivered said notes to the defendant, M. L. Bixler, in payment for stock in the Beaumont Enterprise, sold by Bixler to Myrick, and which endorsement and delivery of the notes was made a few days after their date.

"Fourth. Defendants Myrick Brothers Company, W. A. Myrick, Russell Myrick and Mort L. Bixler, all endorsed said notes prior to their maturity.

"Fifth. Plaintiff is the owner of said notes and the same are due and unpaid."

We further find that the notes in question were executed in the name of the Beaumont Enterprise Publishing Company by Mort L. Bixler, secretary and manager, payable to W. A. Myrick or order; that upon their transfer by Myrick to Bixler they were endorsed by said Myrick, and at the same time by Russell Myrick and Myrick Bros. Company, all of the endorsements being in blank. The next endorsement upon the notes is "Pay to the order of Mrs. Mort L. Bixler. Mort L. Bixler," followed by an endorsement by Mrs. Mort L. Bixler in blank.

Upon the pleas of personal privilege and the plea in abatement that the endorsement of the notes by Bixler was a simulated endorsement for the purpose of giving the District Court of Orange County jurisdiction, evidence was heard by the court, upon which both pleas were overruled.

The evidence authorizes the fact findings, which are here made, that at the time of the institution of the suit Mort L. Bixler, one of the defendants, was a resident citizen of Orange County, and that the endorse-

ment and transfer of the notes was made in good faith, that in fact the notes were sold and transferred in due course of trade for value, and before maturity, and without notice of any defense to the same. The plea of personal privilege was properly overruled by the court. The first assignment of error presenting this point is overruled.

The second assignment of error complains of the finding of fact by the trial court that the notes were executed by the Beaumont Enterprise Publishing Company and that their execution was authorized by the company. Upon this point, Bixler, who executed the notes for the company as secretary and manager, testified that it was customary for him to give notes as high as $5,000 for the company and that it was a privilege that had never been questioned for him to write out notes for $1,000 for the company without any consent, for the purpose of benefiting the company. This evidence was not contradicted, and it was clearly shown that the notes were executed for money which the company owed W. A. Myrick. The findings of fact referred to are fully supported by the evidence and the assignment of error is overruled.

The third assignment of error assails the conclusion of fact, of the trial court, that the plaintiff is the owner of the notes. The evidence showed that plaintiff is the cashier of the Orange National Bank and there was evidence tending to show that Bixler sold the notes to the bank. The notes which were endorsed in blank by Mrs. Mort L. Bixler, to whose order they had been endorsed by Bixler, were in the possession of plaintiff. In this condition they were transferable by delivery and the presumption from the possession of plaintiff would be that he was the owner, as he was the holder. If the notes had been in fact sold and transferred to the bank they might have been afterwards transferred by the bank to plaintiff, which could have been effected by a mere delivery under the blank endorsement of Mrs. Bixler. There was nothing in the evidence throwing any suspicion upon the title and ownership of the notes by plaintiff that called upon him to prove such ownership by any further evidence than was furnished by the fact that he was the holder of them. (Johnson v. Mitchell, 50 Texas, 214.) The third assignment of error is overruled.

This disposes also of the fourth assignment of error, that the court erred in rendering judgment for plaintiff, in that he showed no title to the notes sued upon. We find no error and the judgment is affirmed.

*Affirmed.*