that the defendant did not know his age, and that he was 17½ years old at the time of the transaction, and weighed between 150 and 160 pounds at the time, and had been shaving about one year; that he shaved as often as necessary, and that was about once a week; that he did not know how tall he was, but thought he was about 5 feet 8 or 9 inches."

[6] The court correctly charged that the knowledge of appellant that Pratt was a minor may be proved by circumstances, as well as by direct and positive proof; and the charge of the court on that subject is stronger against the state and in favor of appellant than appellant's own charge on the subject, to the effect that the appellant knew at the time that said Pratt was a minor, "or that his nonage was reasonably apparent to the defendant, taking into consideration the said Horace Pratt's general appearance." From this testimony; it is seen that Pratt testified that he had known the appellant four or five years, but had not been well acquainted with him more than two years; that he wagoned with him four or five months the previous year, 1910. From this it is reasonable to conclude, and the jury were authorized to find, that the appellant had known Pratt about the same length of time (four or five years) that Pratt had known him. It was doubtless true, as testified by said witness, that the appellant did not know his age; yet that would by no means prevent the appellant knowing that he was not 21 years of age. The appellant might not have known whether he was 16, 17, 18, 19, or 20 years of age, and yet, from all the facts and his appearance, he doubtless did know that the said Pratt was not 21 years of age. Besides this, the jury had Pratt before them, could see him, hear his voice, judge of his appearance, as well as the appellant could; and their finding, in effect, that he knew the said Pratt was not 21 years of age at the time he gave him the said whisky is amply supported by the evidence, and the jury were warranted in so finding.

The judgment will be affirmed.

---

ANDERSON et al. v. MILBURN WAGON CO.

(Court of Civil Appeals of Texas. Galveston. May 7, 1912.)

1. BILLS AND NOTES (§ 496*)—ACTION—PRESUMPTIONS—OWNERSHIP OF PAYEE.

A note sued on by the payee had written across its face, "Protested for nonpayment," and was indorsed on its back, "Pay to the order of Second National Bank," signed by the payee, and also indorsed, "Pay to the order of the bank or banker presenting this item all prior indorsements guaranteed, Jan. 21, 1910. Second National Bank." *Held,* that it would be presumed on possession by the payee that its transfer had not been completed by delivery, that it had been transferred only for collection,

or that it had been returned to him as his own property.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1665½, 1669–1674; Dec. Dig. § 496.*]

2. BILLS AND NOTES (§ 202*)—ACTION—EVIDENCE—STRIKING OUT INDORSEMENT.

A payee suing on the note in his possession showing his own indorsement thereon has the right to have his indorsement stricken out.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 489; Dec. Dig. § 202.*]

Appeal from Leon County Court; W. D. Lacey, Judge.

Action by the Milburn Wagon Company against J. E. Anderson and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Wm. Watson, of Centerville, for appellants. Joe H. Seale, of Centerville, for appellee.

McMEANS, J. The Milburn Wagon Company brought this suit against J. E. Anderson, Ed. L. Evans, and R. H. Evans, composing the firm of Anderson, Evans & Evans, to recover upon a promissory note alleged to have been executed to the plaintiff by said firm, and for interest and attorney's fees stipulated for in said note. Defendants answered by general demurrer and general denial. The case was tried by the court without a jury and resulted in a judgment for plaintiff from which the defendants have appealed.

There is no merit in the first assignment of error which complains of the refusal of the court to sustain defendant's general demurrer, and the assignment is overruled without further comment.

[1] By their second assignment appellants contend that the court erred in rendering judgment in favor of plaintiff for the reason that the evidence did not show that the plaintiff is the owner and holder of the note sued on or has any interest therein, but that on the contrary the evidence affirmatively shows that the plaintiff is not the owner and holder of the said note and that it has no interest therein.

The only evidence introduced was the note itself, and it is signed by the defendants and payable to plaintiff. Across its face was written, "Protested for nonpayment Feby. 4, 1910," and indorsed on the back as follows: "Pay to the order of Second National Bank, Toledo, Ohio. Milburn Wagon Company, Frank Hafer, Treas." "Pay to the order of the bank or banker presenting this item all prior indorsements guaranteed, Jan. 21, 1910. Second National Bank, Toledo, Ohio, W. C. Carr, Cashier."

In Texas Land & Cattle Company v. Carroll, 63 Tex. 53, it appears that the instrument sued on by the plaintiffs, who were the payees, had been transferred by them, and when introduced in evidence it still bore the indorsement by which it was transferred,

---

and on this account it was objected to. On this point our Supreme Court said: "If nothing further than the indorsement had appeared, the presumption would be, when the paper was found in the hands of the payees, that the transfer had not been completed by delivery; that it had been returned to them as their own property, or that it had been transferred only for collection, and in such cases the right of the payee, even of a negotiable instrument, to strike out the indorsement is clear. Dugan v. United States, 3 Wheat. 172 [4 L. Ed. 362]; Dollfus v. Frosch, 1 Denio (N. Y.) 367; Caldwell v. Evans, 5 Bush (Ky.) 380 [96 Am. Dec. 358]; Building Association v. Weber, 34 Md. 669; Beeson v. Lippman, 52 Ala. 276; Pitts v. Keyser, 1 Stew. (Ala.) 154; Best v. Bank, 76 Ill. 609; Daniel on Neg. Inst. 1198.

[2] In the case cited, objection was made to the introduction of the instrument in evidence because of the indorsement of transfer, and the plaintiffs were permitted to strike out such indorsement. In this case no such objection was made, and we apprehend that, had it been, the plaintiffs would have stricken out the indorsement as they clearly had the right to do under the authority of the case cited. Our opinion is that the assignment is not well taken, and this conclusion is sustained by the following additional cases: Garrett v. Findlater, 21 Tex. Civ. App. 635, 53 S. W. 839; Johnson v. Mitchell, 50 Tex. 212, 32 Am. Rep. 602; Grant v. Ennis, 5 Tex. Civ. App. 44, 23 S. W. 998; House v. Security Mortgage & Trust Co., 38 S. W. 227.

In House v. Security Company, supra, it is held that the fact that a negotiable note still in the hands of a payee bears an indorsement to another does not even raise a presumption against the title of such holder.

We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.